AO 241 (Rev. 09/17)

1:22-cv-01386-CDB (HC)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Eastern Dist. of Ct. |
|---|---|

| Name (under which you were convicted): David Sabino Quair III | Docket or Case No.: F22900288 |
|---|---|

| Place of Confinement : Calif. State Prison - CIM Chino, California 91708 | Prisoner No.: BR8587 |
|---|---|

Petitioner (include the name under which you were convicted)          Respondent (authorized person having custody of petitioner)

David Sabino Quair    v.    Jon M. Skiles, Judge

The Attorney General of the State of: California

FILED

## PETITION

OCT 27 2022

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

Superior Court of California, County of Fresno 1100 Van Ness Avenue Fresno, California 93724

(b) Criminal docket or case number (if you know): F2290028

2. (a) Date of the judgment of conviction (if you know): Jan 12, 2022

(b) Date of sentencing: March 3, 2022

3. Length of sentence: 6 yrs with 85%

4. In this case, were you convicted on more than one count or of more than one crime?   ☒ Yes   ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case: Count 1

211 PC / Count 2 22810 (g) (1) PC

6. (a) What was your plea? (Check one)

☐ (1)   Not guilty          ☐ (3)   Nolo contendere (no contest)

☒ (2)   Guilty          ☐ (4)   Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? I plead guilty to both counts 1 & 2.

(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury    ☒ Judge only

7.  Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes    ☒ No

8.  Did you appeal from the judgment of conviction?

☒ Yes    ☐ No

9.  If you did appeal, answer the following:

(a) Name of court: Fresno County Superior Court

(b) Docket or case number (if you know): 22CRWR686685

(c) Result: Denied as case #22CRWR686740

(d) Date of result (if you know): October 3, 2022

(e) Citation to the case (if you know): People v. Duvall

(f) Grounds raised: Negotiated disposition unlawfully imposed by force of Judicial Officer Stiles, not Jon M. Skiles. Imposition of sentence factors not recorded correctly and legally by Dept 34.

(g) Did you seek further review by a higher state court?    ☐ Yes    ☒ No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

AO 241 (Rev. 09/17)

(4) Date of result (if you know): _____

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

_____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes    ☑ No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?    ☐ Yes    ☑ No

11.    If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☐ No

(7) Result: _____

AO 241 (Rev. 09/17)

(8) Date of result (if you know): _____

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court: _____

    (2) Docket or case number (if you know): _____

    (3) Date of filing (if you know): _____

    (4) Nature of the proceeding: _____

    (5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes     ☐ No

    (7) Result: _____

    (8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court: _____

    (2) Docket or case number (if you know): _____

    (3) Date of filing (if you know): _____

    (4) Nature of the proceeding: _____

    (5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☒ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    ☒ Yes    ☐ No

(2) Second petition:    ☒ Yes    ☐ No

(3) Third petition:    ☐ Yes    ☒ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** Romero Act filed by Public Defender's Office not upheld at Filing.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

As a 2nd striker who was sentenced under a Romero Act only removed a 1991 conviction because of age of strike. Count 2, 22810 (g) (1) is a strikeable offense adding strike to replace 1991 strike.

(b) If you did not exhaust your state remedies on Ground One, explain why: All legal mail incoming and outgoing is censored to the point that case number; 22CRWR685740 was entered as David Sabino Quair II vs. San Mateo Superior Court Clerk which was not true respondent.

AO 241 (Rev. 09/17)

(c)      **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?      ☐ Yes    ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: Notice of assignment of Judges wasn't filed until 9/20/22. Hearing not until 10/11/22

(d) **Post-Conviction Proceedings:** Judgement ordered 10/03/22.

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed: Fresno County Superior Court, Dept 34

Docket or case number (if you know): 22CRWR686685

Date of the court's decision: July 26, 2022

Result (attach a copy of the court's opinion or order, if available): Notice of Assignment of Judge For All Purposes, 2nd notice filed 9/20/22

(3) Did you receive a hearing on your motion or petition?      ☒ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?      ☐ Yes    ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?      ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: The language information from order of denial leads this plaintiff to understand CDCR is trying to maintain illegal and fraudulent case factors.

Page 7 of 16

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:

**GROUND TWO:** Count 2 was never stricken from the record with defendants knowledge.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

My first court hearing I negotiated a plea agreement of 5 yrs. The second court hearing was a continuance, until 3/3/22 to appear before Judicial Officer Stiles. for sentencing to 6 yrs 3 yrs for 211 PC and 3 yrs for 22810 (g) (1) for a total of 6.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)     **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☒ Yes     ☐ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Petition for Writ of Habeas Corpus

Name and location of the court where the motion or petition was filed: Fresno County Superior Court, Department 34.

Docket or case number (if you know): 22CRWR686685

AO 241 (Rev. 09/17)

Date of the court's decision: October 3, 2022

Result (attach a copy of the court's opinion or order, if available): Order denying petition for writ of Habeas Corpus.

(3) Did you receive a hearing on your motion or petition?                    ☐ Yes   ☒ No

(4) Did you appeal from the denial of your motion or petition?               ☐ Yes   ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

Appealing now.

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two :

_____

**GROUND THREE:** Forced imposition of an unlawful sentence by force.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The imposition of this unlawful sentence was not based upon Dept 34's choice at sentencing. The term set forth verbally is not set forth in an applicable statute

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

(c)     **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☒ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Habeas Corpus

Name and location of the court where the motion or petition was filed: Fresno County Superior Court, Dept 34

Docket or case number (if you know): F22900288

Date of the court's decision: 10-3-22

Result (attach a copy of the court's opinion or order, if available): Denial of petition but extension of time filed on 9/20/22 and date set was 10-11-22

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☒ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

Multiplicity and fraudulent actions by CDCR employees for Marianne Gilbert and others.

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three:

---

**GROUND FOUR:** The CR-290 did not contain the true sentencing guidelines presented by counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

an agreement reached on march 3, 2022 is set forth in part on the minute order for case #F22900288 but incorectly recorded on CR-290. Parties may not negotiate, neither negligently, or intentionally stipulate, without agreement incorrect dispositions.

(b) If you did not exhaust your state remedies on Ground Four, explain why:

---

(c)   **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☒ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

---

(d)   **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   Petition for writ of Habeas Corpus.

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: Fresno County
Superior Court

Docket or case number (if you know): F22900288

Date of the court's decision: March 3, 2022

Result (attach a copy of the court's opinion or order, if available): unlawful sentence
imposed.

(3) Did you receive a hearing on your motion or petition?          ☑ Yes     ☐ No

(4) Did you appeal from the denial of your motion or petition?     ☐ Yes     ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Fresno County
Superior Court Case #22CRWR686685

Docket or case number (if you know): 22CRWR686685

Date of the court's decision: 10-3-22

Result (attach a copy of the court's opinion or order, if available): Denial of
Petition for Writ of Habeas
Corpus.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

Not Applicable

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
have used to exhaust your state remedies on Ground Four: Not Applicable

AO 241 (Rev. 09/17)

13.     Please answer these additional questions about the petition you are filing:

(a)     Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?    ☒ Yes      ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

_____

_____

_____

(b)     Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

Not Applicable

_____

_____

14.     Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?    ☐ Yes      ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

_____

_____

_____

_____

_____

_____

15.     Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?    ☐ Yes      ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the
judgment you are challenging:

(a) At preliminary hearing: _____

(b) At arraignment and plea: A. Chaps, Esquire

(c) At trial: _____

(d) At sentencing: A. Chaps, Esquire

(e) On appeal: In Pro Per

(f) In any post-conviction proceeding: In Pro Per

(g) On appeal from any ruling against you in a post-conviction proceeding: _____

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are
challenging?    ☑ Yes    ☐ No    warrant / hold / detainer

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:
Kings County Superior Court
1640 Kings County Dr. Hanford, Ca 93230

(b) Give the date the other sentence was imposed: warrant #21CS0005A

(c) Give the length of the other sentence: warrant # 21CS0005A

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the
future?    ☑ Yes    ☐ No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain
why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*
March 3, 2022
_____
_____
_____
_____

AO 241 (Rev. 09/17)

_____

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

     (A)     the date on which the judgment became final by the conclusion of direct review or the expiration
of the time for seeking such review;

     (B)     the date on which the impediment to filing an application created by State action in violation of
the Constitution or laws of the United States is removed, if the applicant was prevented from
filing by such state action;

     (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court,
if the right has been newly recognized by the Supreme Court and made retroactively applicable to
cases on collateral review; or

     (D)     the date on which the factual predicate of the claim or claims presented could have been
discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: *That because of a San Mateo, and Kings County unlawful sentences already served, amendment only.*

or any other relief to which petitioner may be entitled.

*In Pro Se*

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on *10-13-22* (month, date, year).

Executed (signed) on *10-12-22* (date).

*David Quain*

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

*Not Applicable*

Page 16 of 16

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the

Eastern District of California

David Sabino Quair IV
BR8557              Plaintiff
v.
Jon M. Skiles, Judge
                    Defendant

)
)
)     Civil Action No.
)
)
)

## WAIVER OF THE SERVICE OF SUMMONS

To:    Jon M. Skiles, Judge
       *(Name of the plaintiff's attorney or unrepresented plaintiff)*
       Fresno County Superior Court

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: 10-12-22

Signature of the attorney or unrepresented party

David Sabino Quair IV
                    *Printed name*

CSP-CIM-FD-D12-193L
P.O. Box 600 Chino, CA. 91708
                    0600
                    *Address*

Not applicable
                    *E-mail address*

Not applicable
                    *Telephone number*

_____
       *Printed name of party waiving service of summons*

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

Evidence

FILED

10/03/2022 1:46:00 PM
FRESNO COUNTY SUPERIOR COURT
By mrodriguez
DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF FRESNO

CENTRAL DIVISION

| | | |
|---|---|---|
| In re David Sabino Quair III, | ) | No. 22CRWR686740 |
| Petitioner, | ) | |
| | ) | Dept. 70 |
| On Habeas Corpus. | ) | ORDER DENYING PETITION FOR |
| | ) | WRIT OF HABEAS CORPUS |

Having read and considered the petition for writ of habeas corpus, the court finds that petitioner has failed to state a prima facie case for relief.

Petitioner appears to contend that the court has abused its judicial discretion by violating his due process rights and by "parallel identity theft and creation of duplicity and multiplicity" of his civil liberties.

However, petitioner has failed to provide an adequate explanation regarding the factual basis as to any of his claims. He has failed to explain how the court has abused its judicial discretion and how his due process rights were violated. Because petitioner has not provided a reasonable explanation as to the factual basis underlying his claims, petitioner's allegation is conclusory and has failed to state a prima facie case for relief. (*People v. Duvall* (1995) 9 Cal.4th 464, 474 [petition for writ of habeas corpus must state fully and with particularity the facts on which relief is sought.].)

//

COUNTY OF FRESNO
Fresno, CA

1        Accordingly, for all the reasons stated above, the petition

2   for writ of habeas corpus is denied.

3                    DATED _October 3, 2022_.

4

5

6                    Gary R. Orozco
                     Judge of the Superior Court

7                    The foregoing instrument is a correct
                     copy of the original on file in this
8                    office.

9                    ATTEST:    OCT 0 3 2022

10                                      Superior Court Clerk
                     State of California, County of Fresno
11                   By————————————————
                                                DEPUTY

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Evidence

**SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO**
**Criminal Department, Central Division**
**1100 Van Ness Avenue**
**Fresno, California 93724-0002**
**(559) 457-2000**

FOR COURT USE ONLY

**FILED**

10/03/2022 1:51:53 PM
FRESNO COUNTY SUPERIOR COURT
By mrodriguez
DEPUTY

TITLE OF CASE:
**David Sabino Quairr, III vs Mateo Superior Court Clerk**

**CLERK'S CERTIFICATE OF MAILING**

CASE NUMBER:
**22CRWR686740**

I certify that I am not a party to this cause and that a true copy of the **Order Denying Petition for Writ of Habeas Corpus** was placed in a sealed envelope and:

☐   Deposited with the United States Postal Service, mailed first class, postage fully prepaid, addressed as shown below.

☒   Placed for collection and mailing on the date and at the place shown below following our ordinary business practice. I am readily familiar with this court's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid.

Place of mailing: **Fresno, California  93724-0002** on:

Date: **October 3, 2022**          Clerk, by _____
                                              M. Rodriguez

**David Quair. ID #BR8587,**
**California Institution for Men –**
**P.O. Box 128,**
**Chino, CA 91708.**

☐ Clerk's Certificate of Mailing Additional Address Page Attached

TGN-06 R08-06                              CLERK'S CERTIFICATE OF MAILING

Evidence



9/20/2022
FRESNO COUNTY SUPERIOR COURT
By mrodriguez
DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF FRESNO

CENTRAL DIVISION

In re David Sabino Quair III,     )   No. 22CRWR686740
                                  )
            Petitioner,           )   Dept. 70
                                  )
On Habeas Corpus.                 )   ORDER EXTENDING TIME TO RULE
                                  )
_____)

Upon the court's own motion, the court grants itself an extension of time until **October 11, 2022** to rule on the present petition. By that date, the court will issue a ruling by either denying the petition, requesting an informal response, or issuing an order to show cause. (Cal. Rules of Court, rule 4.551(a)(4).)

DATED September 20, 2022.

Gary R. Orozco
Judge of the Superior Court

The foregoing instrument is a correct copy of the original on file in this office.

ATTEST:    SEP 2 2 2022

Superior Court Clerk
State of California, County of Fresno
By_____
                        DEPUTY



| SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO<br>Criminal Department, Central Division<br>1100 Van Ness Avenue<br>Fresno, California 93724-0002<br>(559) 457-2000 | FOR COURT USE ONLY<br>**FILED**<br>09/22/2022 10:13:14 AM<br>FRESNO COUNTY SUPERIOR COURT<br>By mrodriguez<br>DEPUTY |
|---|---|
| TITLE OF CASE:<br>**David Sabino Quair, III vs San Mateo Superior Court Clerk** | |

| **CLERK'S CERTIFICATE OF MAILING** | CASE NUMBER:<br>**22CRWR686740** |
|---|---|

I certify that I am not a party to this cause and that a true copy of the **Order Extending Time to Rule** was placed in a sealed envelope and:

☐ Deposited with the United States Postal Service, mailed first class, postage fully prepaid, addressed as shown below.

☒ Placed for collection and mailing on the date and at the place shown below following our ordinary business practice. I am readily familiar with this court's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid.

Place of mailing: **Fresno, California  93724-0002** on:

Date: **September 22, 2022**          Clerk, by _____     Deputy
                                                                M. Rodriguez

**David Quair ID #BR8587,**
 **California Institution for Men –**
**P.O. Box 128, Chino, CA 91708.**

☐ Clerk's Certificate of Mailing Additional Address Page Attached

TGN-06 R08-06

CLERK'S CERTIFICATE OF MAILING

**SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO**
**Criminal Department, Central Division**
1100 Van Ness Avenue
Fresno, CA 93724-0002
(559)457-2000

FOR COURT USE ONLY

# FILED

09/20/2022 3:35:23 PM
FRESNO COUNTY SUPERIOR COURT
By **lylara** _____
                              DEPUTY

TITLE OF CASE:

**David Sabino Quair, III vs San Mateo Superior Court Clerk**

---

**NOTICE OF ASSIGNMENT OF JUDGE FOR ALL PURPOSES**

CASE NUMBER:

**22CRWR686740**

---

**To Petitioner and, where applicable, Petitioner's Attorney of Record:**

The petition for a writ of habeas corpus, filed on __7/22/22_____ , has been assigned to Judge __Gary Orozco_____ for **all purposes.**

---

### CLERK'S CERTIFICATE OF SERVICE BY MAIL

I certify that I am not a party to this action, and that I placed the **NOTICE OF ASSIGNMENT FOR ALL PURPOSES** for collection and mailing on the date shown, so as to cause it to be mailed in a sealed envelope with postage fully prepaid on that date following standard court practices to the persons and addresses shown. The mailing and this certification occurred at Fresno, California __9/20/2022_____

MICHAEL ELLIOTT, COURT EXECUTIVE OFFICER

Date: __September 20, 2022_____        By: _____

*L Lara*

Deputy Clerk

Names and Mailing Addresses of Persons Served:

**David Sabino Quair III # BR8587**
**California Institution for Men**
**PO BOX 128**
**Chino, CA 91708**

---

TCR-62 E12-14
**MANDATORY**

**NOTICE OF ASSIGNMENT OF JUDGE FOR ALL PURPOSES – PETITION**
**WRIT OF HABEAS CORPUS**

Evidence



SEP 19 2022

FRESNO COUNTY SUPERIOR COURT
By_____
DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF FRESNO

CENTRAL DIVISION

In re David Sabino Quair III,   )   No. 22CRWR686685
)
        Petitioner,       )   Dept. 62
)
On Habeas Corpus.         )   ORDER EXTENDING TIME TO RULE
)
_____)

   Upon the court's own motion, the court grants itself an extension of time until **September 27, 2022** to rule on the present petition.  By that date, the court will issue a ruling by either denying the petition, requesting an informal response, or issuing an order to show cause.  (Cal. Rules of Court, rule 4.551(a)(4).)

   DATED this 19ᵗʰ day of September, 2022.

_____
Arlan L. Harrell
Judge of the Superior Court

*Evidence*

**SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO**
**Criminal Department, Central Division**
**1100 Van Ness Avenue**
**Fresno, California 93724-0002**
**(559) 457-1801**

*FOR COURT USE ONLY*

FILED

SEP 21 2022

FRESNO COUNTY SUPERIOR COURT
By_____
                                  DEPUTY

TITLE OF CASE:
In re: David Sabino Quair III

**CLERK'S CERTIFICATE OF MAILING**

CASE NUMBER:
**22CRWR686685**

I certify that I am not a party to this cause and that a true copy of the **Order Extending Time To Rule** was placed in a sealed envelope and:

☐ Deposited with the United States Postal Service, mailed first class, postage fully prepaid, addressed as shown below.

☒ Placed for collection and mailing on the date and at the place shown below following our ordinary business practice. I am readily familiar with this court's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid.

Place of mailing: **Fresno, California 93724-0002** on:

Date: **September 21, 2022**       Clerk, by _____*T. VonZuyen*_____, Deputy
                                                        T. VanZuyen

**David Sabino Quair III  #BR8587**
**California Institution for Men**
**P.O. Box 128**
**Chino, CA  91708**

☐ Clerk's Certificate of Mailing Additional Address Page Attached

TGN-06 R08-06                    **CLERK'S CERTIFICATE OF MAILING**

Evidence

| SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO<br>**Criminal Department, Central Division**<br>1100 Van Ness Avenue<br>Fresno, CA 93724-0002<br>(559)457-2000 | FOR COURT USE ONLY |
|---|---|
| TITLE OF CASE:<br><br>**David Quair vs Judge Skiles, Dept 34 Judicial Officer** | FILED<br><br>**07/26/2022 4:15:08 PM**<br>FRESNO COUNTY SUPERIOR COURT<br>By **lylara**<br>DEPUTY |
| **NOTICE OF ASSIGNMENT OF JUDGE FOR ALL PURPOSES** | CASE NUMBER:<br><br>**22CRWR686685** |

**To Petitioner and, where applicable, Petitioner's Attorney of Record:**

The petition for a writ of habeas corpus, filed on  _7/22/22_ , has been assigned to Judge
_Arlan L Harrell_  for **all purposes.**

---

### CLERK'S CERTIFICATE OF SERVICE BY MAIL

I certify that I am not a party to this action, and that I placed the **NOTICE OF ASSIGNMENT FOR ALL PURPOSES**
for collection and mailing on the date shown, so as to cause it to be mailed in a sealed envelope with
postage fully prepaid on that date following standard court practices to the persons and addresses shown.
The mailing and this certification occurred at Fresno, California  _7/26/2022_

MICHAEL ELLIOTT, COURT EXECUTIVE OFFICER

Date: **July 26, 2022**          By:  _L Lara_
                                            Deputy Clerk

Names and Mailing Addresses of Persons Served:

**David Sabino Quair III #BR8587**
**California Institution for Men**
**PO BOX 128**
**Chino, CA 91708**

TCR-62  E12-14                    NOTICE OF ASSIGNMENT OF JUDGE FOR ALL PURPOSES – PETITION
MANDATORY                                           WRIT OF HABEAS CORPUS

Received       8-5-22

Evidence



**SUPERIOR Court of California, County of Fresno**
**1100 Van Ness Avenue, Fresno, CA 93724**
## MINUTE ORDER

---

**The People of the State of California vs. David Sabino Quair III**    Case Number: **F22900288**
AKAs:  David Ramirez Vasquez, David Solano Vasquez, David Vasquez, David Solero Vasquez, David Sabino
   Quair, David Quair, David VasquezRamirez, David S Quair

---

| | | |
|---|---|---|
| Hearing Date: | 3/3/2022 | DOB:     5/9/1970 |
| Violation Date: | 01/12/2022 | Sex:     M |
| | | Booking Number:     2210636 |
| Charging Document: | Formal Complaint | Jail ID Number:     0821943 |
| | | |
| Filing Agency: | District Attorney | |
| Filing Agency Case: | 22-1115 VCU | |
| DOJ Petition: | | |
| Court Internal ID: | F22900288-1 | |

| CNT | OL | CHARGE |
|---|---|---|
| 001 | 2F | PC 211 |
| 002 | FEL | PC 22810(g)(1) |

---

**Hearing:**  Sentencing - Report and Sentencing **Results:** Heard **Start time:**
Location: Department 34
Judge: Jon M Skiles
Commissioner:
Clerk: Jenny Xiong
Court Reporter:  Sean Gumm

Public Defender appearing with Defendant.  Deputy Public Defender: A. Chaps
Defendant Present: Yes

District Attorney appearing on behalf of the People.  Deputy District Attorney: S. Phillips

Defendant Agrees to Appear Remotely for Court Hearing.  Defendant waives right to be physically
present before a Judicial Officer.

Strike priors stricken pursuant to PC 1385.  Number of Strikes: 1 Strike
Reason: Age of strike; falls outside 3 strike law spirit of and interest of justice.

Page 1 of 3

Printed On: 3/3/2022 1:43 PM

Evidence

David Sabino Quair III F22900288

Probation Report/Supplemental read and considered. without letters and attachments

The Court finds there is no evidence defendant has firearms. per the Probation Officer's Firearms Report.

Defendant waives formal arraignment/no legal cause. Defendant waives time and formal arraignment for judgment and sentencing and states there is no legal cause why judgment should not be pronounced.

Defendant waives statutory time for sentencing.

Defendant is sentenced forthwith.

Court orders Probation denied.

State Prison imposed at initial sentencing.

**Total Determinate
Sentence = 3 years, 0 months**

Total term to be served in State Prison. Term: 3 years 0 months

As to count **001. Second Degree Robbery,** no legal cause why judgment should not now be pronounced. The defendant is sentenced to **California Department of Corrections and Rehabilitation** and to be transported to **Wasco State Prison** for the **Middle** term of **3 Years 0 Months.**

**The Defendant's TIME CREDITS are as follows:**

**Total: 59 days Actual: 51 days GTWT: 8 days Treatment: 0 days**

Pre-sentence custody credits awarded pursuant to PC 2933.1.

The Court orders the following terms and conditions:
*Submit to DNA testing pursuant to Penal Code 296.*

Defendant is advised of right to appeal.

Restitution reserved. The Court reserves jurisdiction over the issue of restitution to be paid to victim(s).

Fines and fees not ordered. Inability to pay.

Defendant remanded into custody. Set at NO BAIL.
Convicted: Yes

Page **2** of 3

Printed On: 3/3/2022 1:43 PM

Evidence

**David Sabino Quair III F22900288**

Transportation Order. Fresno County Sheriff's Department is ordered to transport Defendant to: CDCR Wasco State Prison

Case Disposed.

Minutes of Clerk Entered By.  Data Entry: M. Nguyen

**FELONY ABSTRACT OF JUDGMENT—DETERMINATE**
*(NOT VALID WITHOUT COMPLETED PAGE TWO OF CR-290 ATTACHED)*

CR-290

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF FRESNO

PEOPLE OF THE STATE OF CALIFORNIA vs.    DOB: 05/09/1970
DEFENDANT:
**DAVID SABINO QUAIR**
AKA: DAVID RAMIREZ VASQUEZ, DAVID QUAIR, ET AL.
CII NO.: A09610451
BOOKING NO.: 2210636    ☐ NOT PRESENT

F22900288  -A
 -B
 -C
 -D

**F I L E D**

MAR 03 2022

FRESNO SUPERIOR COURT

By _____ DEPUTY

FELONY ABSTRACT OF JUDGMENT
☑ PRISON COMMITMENT    ☐ COUNTY JAIL COMMITMENT    ☐ AMENDED ABSTRACT

| DATE OF HEARING | DEPT. NO. | JUDGE |
|---|---|---|
| 03/03/2022 | 34 | JON M. SKILES |

| CLERK | REPORTER | PROBATION NO. OR PROBATION OFFICER | ☐ IMMEDIATE SENTENCING |
|---|---|---|---|
| J. XIONG | S. GUMM | 316932 / N. BRACKEMYRE | |

| COUNSEL FOR PEOPLE | COUNSEL FOR DEFENDANT | |
|---|---|---|
| S. PHILLIPS | A. CHAPS | ☑ APPOINTED |

1. Defendant was convicted of the commission of the following felonies:

☐ Additional counts are listed on attachment
_____ (number of pages attached)

| COUNT | CODE | SECTION NO. | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION (MO./DATE/YR.) | CONVICTED BY JURY | CONVICTED BY COURT | CONVICTED BY PLEA | TERM (L, M, U) | CONCURRENT | 1/3 CONSECUTIVE | CONSECUTIVE FULL TERM | INCOMPLETE SENTENCE (REFER TO item 6) | 654 STAY | SERIOUS FELONY | VIOLENT FELONY | PRINCIPAL OR CONSECUTIVE TIME IMPOSED YRS. | MOS. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | PC | 211 | SECOND DEGREE ROBBERY | 2022 | 01 /25 /22 | | | X | M | | | | | | X | X | 3 | 0 |
| | | | | | / / | | | | | | | | | | | | | |
| | | | | | / / | | | | | | | | | | | | | |
| | | | | | / / | | | | | | | | | | | | | |
| | | | | | / / | | | | | | | | | | | | | |

2. ENHANCEMENTS charged and found to be true TIED TO SPECIFIC COUNTS (mainly in the PC 12022 series). List each count enhancement horizontally. Enter time imposed, "S" for stayed, or "PS" for punishment struck. DO NOT LIST ENHANCEMENTS FULLY STRICKEN by the court.

| COUNT | ENHANCEMENT | TIME IMPOSED, "S," or "PS" | ENHANCEMENT | TIME IMPOSED, "S," or "PS" | ENHANCEMENT | TIME IMPOSED, "S," or "PS" | TOTAL |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

3. ENHANCEMENTS charged and found to be true for PRIOR CONVICTIONS OR PRISON TERMS (mainly in the PC 667 series). List all enhancements horizontally. Enter time imposed, "S" for stayed, or "PS" for punishment struck. DO NOT LIST ENHANCEMENTS FULLY STRICKEN by the court.

| ENHANCEMENT | TIME IMPOSED, "S," or "PS" | ENHANCEMENT | TIME IMPOSED, "S," or "PS" | ENHANCEMENT | TIME IMPOSED, "S," or "PS" | TOTAL |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |

4. Defendant sentenced ☐ to county jail per 1170(h)(1) or (2)
☑ to prison per 1170(a), 1170.1(a) or 1170(h)(3) due to ☑ current or prior serious or violent felony ☐ PC 290 or ☐ PC 186.11 enhancement
☐ per PC 667(b)-(i) or PC 1170.12 (strike prior)
☐ per PC 1170(a)(3). Preconfinement credits equal or exceed time imposed. ☐ Defendant ordered to report to local parole or probation office.

5. INCOMPLETE SENTENCE(S) CONSECUTIVE

| COUNTY | CASE NUMBER |
|---|---|
| | |
| | |

6. TOTAL TIME ON ATTACHED PAGES: ____
7. ☐ Additional indeterminate term (see CR-292).
8. TOTAL TIME:   3   0

Attachments may be used but must be referred to in this document.

Form Adopted for Mandatory Use
Judicial Council of California
PCR-290 [Rev. July 1, 2012]

**FELONY ABSTRACT OF JUDGMENT—DETERMINATE**

Page 1 of 2
Penal Code,
§ 1213, 1213.5

*Evidence*

**CR-290**

PEOPLE OF THE STATE OF CALIFORNIA vs.
DEFENDANT: DAVID SABINO QUAIR

| F22900288 | -A | | -B | | -C | | -D |
|---|---|---|---|---|---|---|---|

**9. FINANCIAL OBLIGATIONS (plus any applicable penalty assessments):**

**a. Restitution Fines:**
Case A: $_____ per PC 1202.4(b) (forthwith per PC 2085.5 if prison commitment); $_____ per PC 1202.45 suspended unless parole is revoked.
$_____ per PC 1202.44 is now due, probation having been revoked.

Case B: $_____ per PC 1202.4(b) (forthwith per PC 2085.5 if prison commitment); $_____ per PC 1202.45 suspended unless parole is revoked.
$_____ per PC 1202.44 is now due, probation having been revoked.

Case C: $_____ per PC 1202.4(b) (forthwith per PC 2085.5 if prison commitment); $_____ per PC 1202.45 suspended unless parole is revoked.
$_____ per PC 1202.44 is now due, probation having been revoked.

Case D: $_____ per PC 1202.4(b) (forthwith per PC 2085.5 if prison commitment); $_____ per PC 1202.45 suspended unless parole is revoked.
$_____ per PC 1202.44 is now due, probation having been revoked.

**b. Restitution per PC 1202.4(f):**
Case A: $_____  ☐ Amount to be determined  to  ☐ victim(s)*  ☐ Restitution Fund
Case B: $_____  ☐ Amount to be determined  to  ☐ victim(s)*  ☐ Restitution Fund
Case C: $_____  ☐ Amount to be determined  to  ☐ victim(s)*  ☐ Restitution Fund
Case D: $_____  ☐ Amount to be determined  to  ☐ victim(s)*  ☐ Restitution Fund
☐ *Victim name(s), if known, and amount breakdown in item 13, below.  ☐ *Victim name(s) in probation officer's report.

**c. Fines:**
Case A: $_____ per PC 1202.5 $_____ per VC 23550 or _____ days ☐ county jail ☐ prison in lieu of fine ☐ concurrent ☐ consecutive
☐ includes: ☐ $___ Lab Fee per HS 11372.5(a) ☐ $_____ Drug Program Fee per HS 11372.7(a) for each qualifying offense
Case B: $_____ per PC 1202.5 $_____ per VC 23550 or _____ days ☐ county jail ☐ prison in lieu of fine ☐ concurrent ☐ consecutive
☐ includes: ☐ $___ Lab Fee per HS 11372.5(a) ☐ $_____ Drug Program Fee per HS 11372.7(a) for each qualifying offense
Case C: $_____ per PC 1202.5 $_____ per VC 23550 or _____ days ☐ county jail ☐ prison in lieu of fine ☐ concurrent ☐ consecutive
☐ includes: ☐ $___ Lab Fee per HS 11372.5(a) ☐ $_____ Drug Program Fee per HS 11372.7(a) for each qualifying offense
Case D: $_____ per PC 1202.5 $_____ per VC 23550 or _____ days ☐ county jail ☐ prison in lieu of fine ☐ concurrent ☐ consecutive
☐ includes: ☐ $___ Lab Fee per HS 11372.5(a) ☐ $_____ Drug Program Fee per HS 11372.7(a) for each qualifying offense

**d. Court Operations Assessment:** $_____ per PC 1465.8. **e. Conviction Assessment:** $____ per GC 70373. **f. Other:** $____ per (specify): _____

**10. TESTING:** ☑ Compliance with PC 296 verified ☐ AIDS per PC 1202.1 ☐ other (specify): _____

**11. REGISTRATION REQUIREMENT:** ☐ per (specify code section): _____

**12.** ☐ **MANDATORY SUPERVISION:** Execution of a portion of the defendant's sentence is suspended and deemed a period of mandatory supervision under Penal Code section 1170(h)(5)(B) as follows (specify total sentence, portion suspended, and amount to be served forthwith):
Total: _____ Suspended: _____ Served forthwith: _____

**13.** Other orders (specify): PER PROP 63 REPORT, DEFENDANT HAS NO REPORTABLE FIREARMS.
VICTIM RESTITUTION RESERVED. FEE PER PC1202.4, PC1202.45, PC1465.8
& GC 70373 NOT ORDERED.

**16. CREDIT FOR TIME SERVED**

| CASE | TOTAL CREDITS | ACTUAL | LOCAL | CONDUCT | |
|---|---|---|---|---|---|
| A | 59 | 51 | 8 | [ ] 2933<br>[✓] 2933.1<br>[ ] 4019 | |
| B | | | | [ ] 2933<br>[ ] 2933.1<br>[ ] 4019 | |
| C | | | | [ ] 2933<br>[ ] 2933.1<br>[ ] 4019 | |
| D | | | | [ ] 2933<br>[ ] 2933.1<br>[ ] 4019 | |

**14. IMMEDIATE SENTENCING:** ☐ Probation to prepare and submit a post-sentence report to CDCR per 1203c.
Defendant's race/national origin: HISPANIC

**15. EXECUTION OF SENTENCING IMPOSED**
a. ☑ at initial sentencing hearing
b. ☐ at resentencing per decision on appeal
c. ☐ after revocation of probation
d. ☐ at resentencing per recall of commitment (PC 1170(d).)
e. ☐ other (specify):

| Date Sentence Pronounced | | | Time Served in State Institution | | |
|---|---|---|---|---|---|
| 03 | 03 | 2022 | DMH | CDC | CRC |
| | | | [ ] | [ ] | [ ] |

**17.** The defendant is remanded to the custody of the sheriff ☑ forthwith ☐ after 48 hours excluding Saturdays, Sundays, and holidays.
To be delivered to ☐ the reception center designated by the director of the California Department of Corrections and Rehabilitation
☐ county jail ☑ other (specify): CDCR WASCO STATE PRISON

**CLERK OF THE COURT**
I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

DEPUTY'S SIGNATURE: *M Nguyen*   M. NGUYEN   DATE 03/03/2022

PCR-290 [Rev. July 1, 2012]
MANDATORY

**FELONY ABSTRACT OF JUDGMENT—DETERMINATE**

Evidence



# Superior Court of the State of California

Nocona Soboleski
Court Executive Officer
and
Clerk of the Court

## County of Kings

## Records Division

September 6, 2022

Re: David Sabino Quair

Dear Requester,

☐ **Insufficient Payment Received.** The Court does not provide copies of Court records without receiving payment first. Please resubmit your request with **$25.00** to cover the cost of the copies requested and a self-addressed, stamped envelope.

☐ **Criminal Records Search − Insufficient Payment Received.** The Court does not conduct name searches without receiving payment first. The fee is **$15.00.** Please resubmit your request with that amount and a self-addressed, stamped envelope.

☐ **Unable to Locate/Identify Record - Insufficient Information Received.** The Court cannot find a record matching the information you provided on your request. Please resubmit your request with more information to assist us in finding the Court record.

☐ **Court Record Destroyed − Pursuant to Government Code Section 68152.** The Court cannot provide the copies requested. The original Court record was destroyed on/or before this date_____.

☐ **The documents requested in the attached records request were previously sent on: 10/25/21.**

☒ **Other:** The court conducted a name search and found that there are no active warrants matching the name and date of birth provided.

| Copy Fees | .50¢ per page, per side |
|---|---|
| Certified Dissolution/Divorce | $15.00 |
| Document Certification | $40.00 per document |
| Record Search Fee | $15.00 |

Sincerely,

Savannah Gallegos, Court Service Clerk
Kings County Superior Court

1640 Kings County Drive
Hanford, CA 93230
[559]582-1010, Ext. 6006

_Evidence_

**To: Clerk of the Court, Criminal Division**

County of: **Kings**

**From:** Inmate: David SabiroQuair

CDCR#: BR8587
California Institution for Men
P.O. Box 600
Chino, CA 91708-0600

| Verifying Information |
|---|
| FULL NAME: David SabiroQuair |
| DOB: May 9, 1970 |
| DLN: A4405287 |
| SOC SEC: 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 |

**Re: Request for warrant / case information.**

---

**I am requesting that your department provide the following information referenced to me:**

☒ Any outstanding warrants/holds/detainers: # __any open cases.__

☒ Any outstanding/open cases: # __any open cases.__

☐ Other: _____

☐ Other: _____

Please forward the requested court documentation to the institutional address that is listed above. Your assistance in this matter is greatly appreciated.

Dated: __7-6-22__        Signed: __David Quair__

**RECEIVED**

**JUL 1 1 2022**

NOCONA SOBOLESKI, CLERK OF COURT
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF KINGS
_____ DEPUTY

REQUEST FOR WARRANT/CASE INFORMATION
07/07

Evidence Sent via legal mail not original

STATE OF CALIFORNIA
**NOTICE AND DEMAND FOR TRIAL**
CDC 643 (8/93)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

TO THE DISTRICT ATTORNEY, **Kieth Fagundes, Kings** COUNTY, State of California:

Please take notice that I, **David Sabino Quair III**, Inmate # **BR8587**
(PRINT NAME IN FULL)
of **CSP-CIM**, was convicted of the crime of **PC 211 & 22810 (g)(i)**
(NAME OF FACILITY WHERE INCARCERATED)
in **Fresno** County, **California**, and was sentenced by said
(STATE)
on or about **March 3**, 20 **22**, to a term of **16 yrs (85d°)**

with a Tentative Release Date / Minimum Eligible Parole Date of **1/2024**

I have reason to believe that the following criminal action is now pending against me in _____ County.

CHARGES: **PC 2455 (a)**   WARRANT #: **21CS0005A**

COURT (Location): **Kings County**   ARRESTING AGENCY: **Kings County Sherriff**

I HEREBY DEMAND A HEARING AND TRIAL OF SAID CRIMINAL ACTION AS PRESCRIBED BY SECTION 1381 OF THE CALIFORNIA PENAL CODE.

| DATE OF BIRTH | SEX | RACE | HEIGHT | WEIGHT | HAIR COLOR | EYE COLOR |
|---|---|---|---|---|---|---|
| 05-09-70 | Male | Native American | 62 | 208 | salt-n-pepa | BRN |

FACILITY NAME AND ADDRESS WHERE INCARCERATED
**CSP-CIM-FD-D12-193L**
**P.O. Box 600**
**Chino, Calif. 91708-0600**

OTHER NAMES (Aliases) USED:

I CERTIFY (OR DECLARE) UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

INMATE'S SIGNATURE _David Quair III_   DATE **9-26-22**   CDI NUMBER:

THIS PORTION IS TO BE DETACHED BY THE DISTRICT ATTORNEY'S OFFICE
AND RETURNED TO THE CASE RECORDS OFFICE OF THE FACILITY WHERE INMATE IS INCARCERATED.

I, _____ District Attorney of

the County of _____, State of California, do hereby acknowledge receipt

of NOTICE AND DEMAND FOR TRIAL, dated_____, by _____

Inmate _____, of _____

| DISTRICT ATTORNEY | STATE OF CALIFORNIA, COUNTY OF | DATE |
|---|---|---|
| | | |

RECEIPT TO BE RETURNED TO:   CASE RECORDS OFFICE

NAME OF FACILITY: **CSP-California Inst. for Men**

ADDRESS: **14901 S. Central Ave.**
**Chino, California**
**91710**