1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9            EASTERN DISTRICT OF CALIFORNIA

10

11   DAVID SABINO QUAIR, III,          | Case No. 1:22-cv-01386-JLT-CDB (HC)

12            Petitioner,              | FINDINGS AND RECOMMENDATIONS THAT
                                        | THE PETITION FOR WRIT OF HABEAS CORPUS
13       v.                            | BE DISMISSED WITHOUT PREJUDICE AND
                                        | WITHOUT LEAVE TO AMEND
14   JON M. SKILES,
                                        | (ECF No. 1)
15            Respondent.

16

17          Petitioner David Sabino Quair, III ("Petitioner") is a state prisoner proceeding *pro se* with a

18   petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (ECF No. 1).  The petition seeks

19   review of a judgment of conviction in the Superior Court of California for the County of Fresno.  *Id.*

20   **Preliminary Screening**

21          Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary

22   review of each petition for writ of habeas corpus.  *Pro se* habeas corpus petitions are to be liberally

23   construed.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  However, the Court must dismiss a

24   petition "[i]f it plainly appears from the petition…that the petitioner is not entitled to relief."  Habeas

25   Rule 4; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).  Habeas Rule 2(c) requires

26   that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting

27   each ground; and 3) state the relief requested.  Notice pleading is not sufficient; rather, the petition

28   must state facts that point to a real possibility of a constitutional error.  *Mayle v. Felix*, 545 U.S. 644,

                                        1

655 (2005) ("Habeas Corpus Rule 2(c) is more demanding").  Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal.  *Hendricks*, 908 F.2d at 491.  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave to be granted.  *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971) (per curiam).

**Procedural and Factual Background**

Petitioner filed this instant petition on October 27, 2022.  (ECF No. 1).  On January 12, 2022, he was convicted in the Superior Court of California County of Fresno and sentenced on March 3, 2022.  *Id*. at 1.  Petitioner claims he pled guilty and was convicted of (1) robbery and (2) use of tear gas or a tear gas weapon for a purpose other than self-defence.  *Id*. at 1-2; *See* Cal. Pen. Code §§ 211, 22810(g)(1).  Petitioner states he was sentenced to six years in prison.  (ECF No. 1 at 1).  However, the state court's minute order and felony abstract of judgment reflect Petitioner was sentenced to a three-year term for conviction of second-degree robbery only.  *Id*. at 26-30.  Online records of the Fresno County Superior Court confirm that the tear gas charge was dismissed.[1]

At some point, Petitioner states he directly appealed the state court's decision.  (ECF No. 1 at 2).  However, Petitioner only cites the Fresno County Superior Court as the court he appealed to.  *Id*.  Moreover, Petitioner's direct appeal appears to be a petition for writ of habeas corpus.  *See Id*. at 2, 6-11, 17-18.  On October 3, 2022, the Fresno County Superior Court issued an order denying Petitioner's petition for writ of habeas corpus.  *Id*. at 17-18.  Petitioner asserts he is "Appealing now" the state court's decision to deny his petition for writ of habeas corpus.  *Id*. at 8.  Petitioner states his current place of confinement is California State Prison in Chino, California.  *Id*. at 1.

**Petitioner's Claims**

Petitioner first argues he is entitled to relief in a habeas corpus proceeding as the *Romero* motion filed by the Public Defenders Office was not upheld at filing.  *Id*. at 5.  Specifically, Petitioner claims his Cal. Pen. Code § 22810(g)(1) count was a "strikeable" [*sic*] offense and should have been stricken from the record.  *Id*. at 5-8.

---

[1] https://www.fresno.courts.ca.gov/online-services/case-information (last accessed Nov. 18, 2022).

Next, Petitioner asserts he negotiated a plea agreement of five years, but Judge Stiles imposed an "unlawful sentence by force" of six years. *Id*. at 7-8. Petitioner contends the sentence "was not based on Dept 34's choice at sentencing…and the term set forth verbally is not set forth in an applicable statute." *Id*. at 8. Further, Petitioner claims the court did not use or record the "true sentencing guidelines presented by counsel." *Id*. at 10. Lastly, Petitioner asserts he was unable to exhaust his state remedies as all his legal mail is censored.

**Discussion and Analysis**

Petitioner has failed to provide an adequate petition for writ of habeas corpus. First, Petitioner does not name an appropriate respondent to the petition. A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition. Habeas Rule 2(a); *Smith v. Idaho*, 392 F.3d 350, 354 (9th Cir. 2004) (citing *Stanley v. California Supreme Court*, 21 F.3d 359. 360 (9th Cir. 1996)). Generally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner and thus can produce "the body of the petitioner." *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (quotations omitted) (per curiam). The chief officer in charge of the state penal institutions can also serve as an appropriate respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996). Here, Petitioner only names "Judge Jon M. Skiles" as a respondent to his petition. (ECF No. 1 at 2). Judge Skiles is not the warden or chief officer of the institution where Petitioner is confined and does not have day-to-day control over Petitioner. Petitioner's failure to name a proper respondent requires dismissal of his habeas corpus petition for lack of jurisdiction. *Stanley*, 21 F.3d at 360; *Olson v. California Adult Auth.*, 423 F.2d 1326, 1326 (9th Cir. 1970).

Petitioner's habeas corpus petition also fails to show he exhausted state judicial remedies. A petitioner who is in state custody and wishes to collaterally challenge his convictions by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing

the highest state court with the necessary jurisdiction a full and fair opportunity to consider each claim before presenting it to the federal court and demonstrating that no state remedy remains available. *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citing *Picard v. Connor,* 404 U.S. 270, 275 (1971)).  When none of a petitioner's claims has been presented to the highest state court as required, the Court must dismiss the petition.  *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001).

Petitioner only alleges he appealed his case to the Fresno County Superior Court.  *See* (ECF No. 1 at 2, 6-11, 17-18) (Petitioner's only "appeal" appears to stem from a petition for writ of habeas corpus to the state trial court).  Petitioner has failed to allege he has provided the highest state court, the Supreme Court of California, with a full and fair opportunity to consider his petition on direct or collateral appeal.  Petitioner's claim he was unable to exhaust state remedies as all his mail is censored is unavailing as Petitioner did file a habeas petition to the state trial court without issue.  Therefore, Petitioner's petition must be dismissed as the Court cannot consider a petition that is entirely unexhausted.  *Rose*, 455 U.S. at 521-22.

Petitioner's habeas petition also should be dismissed for failure to raise a cognizable federal claim.  To obtain federal habeas relief from a state court conviction or sentence, a petitioner must show that he is in custody in violation of the Constitution or laws or treaties of the United States.  *See* 28 U.S.C. § 2254(a); *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (per curiam).  A federal court may not issue habeas relief for a perceived error of state law.  *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *See Oxborrow v. Eikenberry*, 877 F.2d 1395, 1400 (9th Cir. 1989) ("[E]rrors of state law do not concern us unless they rise to the level of a constitutional violation.").

Petitioner does not specifically allege his constitutional rights are being violated.  Instead, Petitioner challenges the state trial court's alleged failure to grant his *Romero* motion to strike his § 22810(g)(1) count and alleged failure to adopt a purported plea agreement.  The Court cannot issue habeas relief for Petitioner's alleged failure to grant his *Romero* motion, as the decision to strike prior felonies in a response to a *Romero* motion lies within the state trial court's discretion.  *People v. Superior Court (Romero)*, 13 Cal. 4th 497, 508 (1996); *see Brown v. Mayle*, 283 F.3d 1019, 1040 (9th Cir. 2002) (vacated and remanded on other grounds in *Mayle v. Brown*, 538 U.S. 901 (2003) (finding a

4

petitioner's claim that he should be resentenced in light of *Romero* was not cognizable on federal habeas review)).  While a federal court may vacate a state sentence imposed in violation of due process (*e.g.*, *Ortiz v. Tampkins*, No. 2:16-cv-00428-JKS, 2020 WL 949259, *10 (E.D. Cal. Feb. 27, 2020)), Petitioner here does not allege that his sentence was the result of a due process violation.

Petitioner also fails to state a cognizable claim as to the state trial court's alleged failure to adopt a purported plea agreement.  A criminal defendant's right to due process entitles him/her/them to enforce the terms of a plea agreement.  *Santobello v. New York*, 404 U.S. 257, 261-62 (1971).  Petitioner claims he negotiated a plea agreement for a five-year sentence, which is higher than what the record indicates Petitioner received.  (ECF No. 1 at 7-8, 26-30).  Petitioner provides no facts to support his allegation that he possessed a plea agreement for a five-year sentence, and that said agreement was breached.  *See James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.").  Therefore, Petitioner fails to state a claim for habeas relief.

**Conclusion and Recommendations**

Petitioner's habeas corpus petition fails to name an appropriate respondent, fails to allege he exhausted state judicial remedies, and fails to state a cognizable claim.  The petition for writ of habeas corpus (ECF No. 1) should be dismissed without prejudice and without leave to amend as Petitioner has failed to fully exhaust his state judicial remedies.  *See Id.* at 8 (Petitioner states he has not fully exhausted state judicial remedies and is "Appealing now").  Petitioner may file a new habeas action in federal court that identifies the appropriate respondent and raises cognizable federal claims if he ever exhausts state judicial remedies, assuming any such petition is filed within the applicable statute of limitations.

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1.  The Petition for Writ of Habeas Corpus (ECF No. 1) be dismissed without prejudice and without leave to amend as it plainly appears to fail to name the proper respondent, raises unexhausted claims, and fails to raise a cognizable federal claim; and

2.  The Clerk of Court be directed to close this case.

1    These findings and recommendations will be submitted to the United States district judge

2    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within thirty days after

3    being served with these findings and recommendations, Petitioner may file written objections with the

4    Court.  The document should be captioned "Objections to Magistrate Judge's Findings and

5    Recommendations."  Plaintiffs are advised that failure to file objections within the specified time may

6    result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014)

7    (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

8    IT IS SO ORDERED.

9    Dated:  __**November 18, 2022**__          _____

10                                             UNITED STATES MAGISTRATE JUDGE